O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HERMELINDA ESQUER, | ) | CASE NO. ED CV 06-00786 (RZ) |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | AND ORDER |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

       Plaintiff Hermelinda Esquer has been seeking social security disability benefits since 1995. During this time, she became eligible to receive retirement benefits. Hence, what is currently before the Court in this appeal is her application for disability benefits from the date of onset until the time she qualified for retirement benefits.

       In her first appeal to this Court, Plaintiff secured a Judgment remanding the action for further proceedings. The Court found that the Administrative Law Judge erred in concluding, at Step Four of the sequential evaluation, that Plaintiff could perform her past relevant work. [AR 183 *et seq*.] The Court remanded the matter to the Commissioner for further proceedings consistent with the Memorandum Opinion. [AR 180] Upon remand, however, a different Administrative Law Judge again concluded at Step Four that Plaintiff could perform her past relevant work. [AR 163] When the matter returned to Court, the Commissioner stipulated to a remand. The Judgment directed the Commissioner

to proceed in accordance with the stipulation, [AR 289-80]; one of the provisions of the stipulation stated that the Administrative Law Judge would be instructed to "[c]ontinue the sequential evaluation process through step five, per the Court order dated December 2000." [AR 277]  Nevertheless, on remand the Administrative Law Judge again stopped the analysis at Step Four, and found that Plaintiff could perform her past relevant work. [AR 269]

"Where a court finds that the Secretary has committed a legal or factual error in evaluating a particular claim, the district court's remand order will often include detailed instructions concerning the scope of the remand, the evidence to be adduced, and the legal or factual issues to be addressed. [ ] Often, complex legal issues are involved, including classification of the claimant's alleged disability or his or her prior work experience within the Secretary's guidelines or "grids" used for determining claimant disability. [ ] Deviation from the court's remand order in the subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review." *Sullivan v. Hudson*, 490 U.S. 877, 885-86 (1989) (citations omitted).

In this latest appeal to this Court, the Commissioner does not cite *Sullivan*, but argues instead that the law of the case did not preclude the Administrative Law Judge from revisiting and reaffirming the decision that Plaintiff could perform her past relevant work. The Court disagrees.  Absent some compelling reason, an administrative agency has an obligation to follow the mandate of a court.  Under the "mandate rule," administrative agencies generally are obligated to follow the mandates set forth in a federal court decision. *Youghiogheny & Ohio Coal Co. v. Milliken*, 200 F.3d 942 (6th Cir. 1999); *see also Mefford v. Gardner*, 383 F.2d 748, 758 (6th Cir. 1967) (noting, in Social Security case, "the general rule that, on the remand of a case after appeal, it is the duty of the lower court, or the agency from which appeal is taken, to comply with the mandate of the court and to obey the directions therein without variation and without departing from such directions."); *see also Mirchandani v. United States*, 836 F.2d 1223, 1225 (9th Cir. 1988).

The Commissioner violated this mandate rule, in not doing what this Court twice explicitly ordered him to do — to complete the sequential evaluation, which meant proceeding to Step Five. Now the Commissioner seeks to excuse his non-compliance by arguing that the second Judgment *also* required him to reassess Plaintiff's residual functional capacity and, when the Administrative Law Judge did so, he concluded that Plaintiff could perform her past relevant work; once that conclusion was reached, the regulations precluded the Administrative Law Judge from proceeding to Step Five. (Defendant's Memorandum in Support of Answer at 5:7-12).

It was, however, the Commissioner himself, as a party to the stipulation, who expressly agreed that the Administrative Law Judge on remand would proceed to Step Five of the sequential evaluation. It is hard to believe that he thought that, by also agreeing to reassess the residual functional capacity, he thereby would not have to comply with the order to proceed to Step Five. Nor in fact was he *precluded* from doing so. And, if the Commissioner believed that there was an ambiguity in the Judgment which *might* have precluded his compliance with the Judgment, his remedy was to seek to modify the Judgment, not to evade it.

At Step Five, the Commissioner bears the burden of establishing that there are sufficient numbers of jobs in the economy which the plaintiff can perform, notwithstanding his or her impairments. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). The Administrative Law Judge adduced no testimony from the vocational expert about other jobs in the economy. [AR 465-78] Accordingly, the Commissioner failed to sustain his burden, and therefore Plaintiff has carried her overall burden of showing that she was disabled during the time period in question. It is appropriate, therefore, to reverse and remand for the award of benefits, especially in a case where the Commissioner twice was given the opportunity to satisfy his burden, and the application has been pending for twelve years. *See Penny v. Sullivan*, 2 F.3d 953, 959 (9th Cir. 1993)*; cf. Benecke v. Barnhart*, 379 F.3d 587 (9th Cir. 2004).

The decision of the Commissioner is reversed. The matter is remanded to the Commissioner for an award of benefits.

DATED: October 11, 2007

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE